**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>Plaintiff,<br><br>v.<br><br>The Velasco and Reynolds Team, LLC, Rafael Velasco, and Ryan A. Reynolds-Garibay,<br><br>Defendants. | Case No: 1:26-cv-11478 |

**COMPLAINT AND JURY DEMAND**

Plaintiff, DAVID GORDON OPPENHEIMER ("Oppenheimer" or "Plaintiff"), by and through his attorneys, ZLATKIN CANN ENTERTAINMENT, for his complaint ("Complaint") against Defendants THE VELASCO AND REYNOLDS TEAM, LLC, RAFAEL VELASCO, and RYAN A. REYNOLDS-GARIBAY (collectively, "Defendants"), alleges:

**NATURE OF THE ACTION**

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, and under the Digital Millennium Copyright Act ("DMCA") for knowing removal, alteration, and/or omission of Plaintiff's copyright management information ("CMI") and distribution and/or importing for distribution of copies of Plaintiff's work with knowledge that CMI has been removed, altered, and/or omitted without authority of Plaintiff, all in violation of 17 U.S.C. § 1202.

**THE PARTIES**

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3. Upon information and belief, Defendant THE VELASCO AND REYNOLDS TEAM, LLC ("VRT"), also doing business as "The Ralphie and Ryan Show," was formed on March 12, 2019, as an Illinois limited liability company and has a principal place of business in DuPage County, Illinois. Upon information and belief, VRT is a real estate brokerage and marketing business that advertises and markets real estate, including through its website and other online platforms.

4. Upon information and belief, Defendant RAFAEL VELASCO ("Velasco") is an individual residing in this District, and at all relevant times held an ownership interest in VRT, was a principal of VRT, was a licensed real estate broker who conducted business through VRT, and previously served as VRT's registered agent.

5. Upon information and belief, Defendant RYAN A. REYNOLDS-GARIBAY ("Reynolds-Garibay" or "Reynolds") is an individual residing in this District, and at all relevant times held an ownership interest in VRT, was a principal of VRT, was a licensed real estate broker who conducted business through VRT, and presently serves as VRT's registered agent (under the name "Ryan Reynolds").

6. Upon information and belief, at all relevant times, one or more of the Defendants owned and/or operated the website https://www.theralphieandryanshow.com (together with all subpages, "VRT Website").

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events herein alleged, that

Defendants are subject to the exercise of jurisdiction of this Court. Specifically, VRT's principal place of business is located in this District, each of Velasco and Reynolds-Garibay reside in this District, and, upon information and belief, Defendants' actions giving rise to Plaintiff's claims occurred within this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

10. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

11. Oppenheimer's photographs have appeared in publications including Rolling Stone, MSNBC, MTV, AOL, and FUSE and have been displayed at the Museum of the City of New York. The subjects of Plaintiff's photography include Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois, and its surrounding suburbs.

12. Oppenheimer has, over the years, performed photography services through his own name as well as under the trade name "Performance Impressions." Performance Impressions LLC, which is owned and operated exclusively by Oppenheimer, is a North Carolina limited liability company in good standing.

13. Oppenheimer earns his livelihood from the creation and licensing of his photographs, as well as from selling prints of his photographs.

14. Upon information and belief, at all relevant times, one or more of the Defendants owned and operated the VRT Website and various other digital properties (together with the VRT Website, "Defendants' Digital Properties"), through which Defendants advertised, marketed, and promoted their real estate brokerage and marketing services.

**Oppenheimer Creates, Registers, and Publishes the Photograph**

15. In early July 2015, Oppenheimer created an aerial photograph of the Palos Park neighborhood in Illinois ("Photograph") through significant skill and personal expense. Specifically, while working as an aerial photographer, Oppenheimer captured the Photograph from a commercial jet on approach, using professional camera equipment. This required skill and experience to best capture the aerial perspective.

16. The Photograph – referenced by its contents title, *FU2DSC_0294.jpg* – is an original work that Oppenheimer registered with the United States Copyright Office as part of the collection of photographs entitled *Chicago Travel and Aerial Photographs Including The Grateful Dead at Soldier Field* under copyright registration number VAu 1-229-868, with an effective date of registration of July 26, 2015. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit 1 and references the Photograph on page 6. The deposit copy of the Photograph is attached hereto as Exhibit 2.

17. After submitting the Photograph for registration, Plaintiff published the Photograph through the website Flickr.com, an image and video hosting service commonly used by photographers to display photographs.

18. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c), including a visible watermark complying with notice of copyright provisions on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. CMI in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Flickr, in addition to all of the CMI set forth above, the Photograph

was published alongside the notice "© 2020 David Oppenheimer" and "All Rights Reserved" and clicking the "Show EXIF" link makes all of Oppenheimer's metadata visible, containing all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph (as published on Flickr) bearing Plaintiff's CMI in a legible watermark and in the Photograph's accompanying caption is attached hereto as Exhibit 3.

19. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

20. Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to publicly display pursuant to 17 U.S.C. § 106.

21. Plaintiff's copyright in the Photograph is presently valid and subsisting and has been valid and subsisting since the moment of creation and all conditions precedent to the filing of this suit have been satisfied, including registration under 17 U.S.C. § 411(a).

**Defendants Use the Photograph Without Authorization**

22. Upon information and belief, in or around August 2023, one or more of the Defendants (or such Defendants' authorized representative(s)) obtained the published version of the Photograph, cropped the Photograph to remove Oppenheimer's CMI, and reproduced, distributed, and/or displayed the Photograph without Oppenheimer's CMI through at least the following URLs (collectively, "Infringing URLs"):

- https://www.theralphieandryanshow.com/blog/10-best-south-chicago-suburbs/

- http://www.theralphieandryanshow.com/uploads/agent-1/palos_park.png

23. Upon information and belief, one or more of the Defendants or a third party at the direction of one or more of the Defendants proceeded to publish the Photograph at the Infringing URLs – including within a blog post titled "10 Best South Chicago Suburbs" – to advertise and promote the real estate brokerage and marketing services offered through Defendants' Digital Properties. Screenshots of Defendants' infringing online publications, including archived captures, are attached to this Complaint as Exhibit 4.

24. Oppenheimer never entered into any license, agreement, or other authorization with any of the Defendants permitting the reproduction, distribution, display, or other use of the Photograph.

**<u>Oppenheimer Provides Notice of Copyright Infringement to Defendants</u>**

25. On February 4, 2026, Oppenheimer, through counsel, sent Defendants a written notice of copyright infringement, transmitted via FedEx and email, identifying the infringement of the Photograph and demanding that Defendants respond within fourteen days.

26. Not having received any substantive response, Oppenheimer's counsel followed up via email on March 12, 2026.

27. Without a substantive response, Oppenheimer's counsel followed up again via email on May 14, 2026.

28. On August 27, 2026, Oppenheimer's counsel sent a further written request concerning the infringement, again demanding that Defendants confirm their willingness to resolve the matter and requesting a response no later than September 4, 2026.

29. As of the date of the filing of this Complaint, to the knowledge of Oppenheimer and Oppenheimer's counsel, no Defendant has responded substantively to Oppenheimer's communications.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement Under 17 U.S.C. § 501
## (Against All Defendants)

30. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1 through 29 of this Complaint.

31. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

32. Upon information and belief, one or more of the Defendants caused the copying, distribution, and/or display of the Photograph at each of the Infringing URLs.

33. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

34. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

35. Defendants infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

36. Oppenheimer has been harmed by the infringement in multiple ways. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable. Defendants have benefited from their infringement of the Photograph. Defendants' unauthorized use undermined the Photograph's exclusivity, diminished the Photograph's licensing value, and caused ongoing injury to Oppenheimer's business reputation and professional goodwill by removing attribution, thereby impairing Plaintiff's control over the manner and context in which his work is presented to the marketplace. Such loss of control and reputational harm is continuing in nature and not fully compensable through monetary damages alone. Accordingly, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

37. Upon information and belief, Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

38. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

39. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## Vicarious Copyright Infringement
## (In the Alternative Against Velasco and Reynolds-Garibay)

40. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1 through 39 of this Complaint.

41. At all relevant times, Velasco and Reynolds-Garibay were owners, members, managers, and/or principals of VRT.

42. Upon information and belief, each of Velasco and Reynolds-Garibay controlled the decisions relating to VRT and each was a dominant influence of VRT. Velasco and Reynolds-Garibay provided hands-on decision making with respect to the activities of VRT and had the right and ability to supervise and/or control the infringing conduct of VRT, and/or to stop the infringements once they began. Upon information and belief, each of Velasco and Reynolds-Garibay had an obvious and direct financial interest in these infringing activities of VRT, because VRT's use of the Photograph on the Infringing URLs and the VRT Website advertised and promoted the real estate brokerage and marketing services of VRT, encouraging viewers of the VRT Website to engage the services offered by VRT and to purchase or list real estate through VRT. Infringement of the Photograph allowed VRT to promote and sell its services more effectively by drawing, capturing, holding, and prolonging the attention of the average viewer of

the VRT Website, providing a direct positive impact on sales and/or the brand, public image, and reputation of VRT. As a small, closely held company owned and controlled by Velasco and Reynolds-Garibay, VRT's financial performance directly benefited each of Velasco and Reynolds-Garibay. Accordingly, each of Velasco and Reynolds-Garibay is personally liable to Oppenheimer as a joint infringer or is otherwise vicariously liable for the actions of VRT.

## THIRD CLAIM FOR RELIEF
## Contributory Copyright Infringement
## (In the Alternative Against Velasco and Reynolds-Garibay)

43. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1 through 39 of this Complaint.

44. Alternatively, Velasco and Reynolds-Garibay have intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

45. Upon information and belief, Velasco and Reynolds-Garibay at all relevant times were dominant influences in VRT. Velasco and Reynolds-Garibay provided hands-on decision making with respect to the activities of VRT, set and controlled the policies and protocols of VRT, and established corporate rules and cultures which encouraged the infringing activities. Each of Velasco and Reynolds-Garibay therefore had actual knowledge of VRT's infringing activities or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same.

46. Accordingly, Velasco and Reynolds-Garibay are personally liable to Oppenheimer as contributory infringers for the infringing activities of VRT.

**FOURTH CLAIM FOR RELIEF**
**Violations of the DMCA Under Section 1202(b)**
**(Against All Defendants)**

47. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1 through 29 of this Complaint.

48. Plaintiff's published version of the Photograph contained CMI within the digital file of the Photograph, including identifying metadata and, *inter alia*, the identification of the author as "David Oppenheimer," as well as a plainly visible copyright notice stating "© 2020 David Oppenheimer" on the Photograph itself. Plaintiff also included CMI in adjacent legible captions where the Photograph was displayed containing a proper notice of copyright, his company's name, and the URL of the Performance Impressions website.

49. Upon information and belief, Defendants and/or third parties acting at their direction violated the DMCA by knowingly and intentionally removing, altering, and/or omitting Plaintiff's CMI from the Photograph, including by removing or cropping out Plaintiff's visible copyright watermark, stripping and/or failing to preserve embedded metadata identifying Plaintiff as the author and copyright owner, and omitting accompanying CMI from captions displayed with the Photograph. Defendants thereafter reproduced, distributed, and publicly displayed the Photograph without such CMI, including at the Infringing URLs, while knowing, or having reasonable grounds to know, that such removal, alteration, and/or omission would induce, enable, facilitate, and/or conceal infringement of the Photograph.

50. Such actions further demonstrate Defendants' willful infringement of the Photograph.

51. The aforesaid actions, including without limitation the distribution and import for distribution of each copy of the Photograph at each of the Infringing URLs, constitute separate violations of 17 U.S.C. § 1202(b). More specifically, each instance of removal, alteration, and/or

omission of the Photograph's CMI by Defendants, or at their behest resulted in a separate violation of Section 1202(b)(1), and each instance of distribution or import for distribution of the Photograph (or copies of the Photograph) without CMI resulted in a separate violation of Section 1202(b)(3).

52. Upon information and belief, Defendants knew or had reasonable grounds to know that their removal, alteration, and/or omission of Plaintiff's visible watermark with notice of copyright and accompanying CMI in the Photograph's metadata and caption, would induce, enable, facilitate, and/or conceal infringement of the Photograph. The CMI removed, altered, and/or omitted from the Photograph was plainly visible on the face of the published image, embedded within its metadata, and included in accompanying captions identifying Plaintiff as the author and copyright owner. The removal of this visible and embedded attribution demonstrates deliberate removal, alteration, and/or omission rather than accidental or inadvertent conduct and supports a reasonable inference that Defendants acted with knowledge that such removal would conceal infringement.

53. As a result of Defendants' actions with regard to the Plaintiff's CMI, Plaintiff has been and will continue to be harmed in an amount as yet to be determined.

54. As a result of Defendants' actions with regard to the Plaintiff's CMI, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 1203(b)(3) in the form of either actual damages in accordance with 17 U.S.C. § 1203(c)(2) or, upon Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

55. Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C. § 1202.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows:

a. Pursuant to 17 U.S.C. § 502, that Defendants and Defendants' agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendants, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without limitation, reproducing, distributing, displaying, or making derivative works of the Photograph;

b. That Defendants be required to perform a complete and full accounting of all profits generated by Defendants from the Photograph;

c. Pursuant to 17 U.S.C. § 504, that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from the Defendants' acts of copyright infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that Defendants be required to pay statutory damages up to $150,000 for each work infringed as a result of Defendants' acts of copyright infringement, and, in the event that the factfinder determines that any of the Defendants' infringements was not willful, that Defendants be required to pay statutory damages up to $30,000 for each work infringed by the Defendants found to be not willful;

d. Pursuant to 17 U.S.C. § 1203(c)(2), that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from any and all of the Defendants' violations of Plaintiff's rights under the DMCA; in the alternative, upon Plaintiff's election,

pursuant to 17 U.S.C. § 1203(c)(3)(B), that Plaintiff be awarded the maximum statutory damages of $25,000 for each individual violation of the DMCA;

e. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4)-(5), Defendants be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorneys' fees; and

f. Such other and further relief as the Court shall find just and proper.

Dated: September 18, 2026

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: /s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin (ARDC No. 6314344)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorneys for Plaintiff David Gordon Oppenheimer*