**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>Plaintiff,<br><br>v.<br><br>The Velasco and Reynolds Team, LLC, Rafael Velasco, and Ryan A. Reynolds-Garibay,<br><br>Defendants. | Case No: 1:26-cv-11478<br><br>Dist. Judge Martha M. Pacold<br><br>Mag. Judge Albert Berry, III |

**INITIAL STATUS REPORT**

Pursuant to the Court's minute entry dated September 25, 2026 [Dkt. 5], Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), submits this Initial Status Report. No Defendant has yet appeared in this action, so Plaintiff submits this report unilaterally:

**1. Nature of the Case**

a. The attorney of record and lead trial attorney for Oppenheimer is Ilya G. Zlatkin of Zlatkin Cann Entertainment, 4245 North Knox Avenue, Chicago, Illinois 60641, (312) 809-8022, ilya@zce.law. No attorney has filed an appearance on behalf of any Defendant.

b. This case involves the unauthorized use of Plaintiff's aerial photograph of the Palos Park neighborhood in Illinois ("Photograph"), which Plaintiff registered with the United States Copyright Office under registration number VAu 1-229-868. Plaintiff claims that Defendants The Velasco and Reynolds Team, LLC ("VRT"), Rafael Velasco ("Velasco"), and Ryan A. Reynolds-Garibay ("Reynolds-Garibay" and, together with VRT and Velasco, "Defendants") infringed Plaintiff's copyright by reproducing, distributing, and displaying the Photograph to promote Defendants' real estate brokerage and marketing services, including through a blog post published on VRT's website. In the alternative, Plaintiff alleges that Velasco

and Reynolds-Garibay are vicariously and contributorily liable for VRT's infringement. Plaintiff also alleges that Defendants violated Section 1202 of the Digital Millennium Copyright Act ("DMCA") by knowingly removing or altering Plaintiff's copyright management information ("CMI") and distributing copies of the Photograph without Plaintiff's CMI. Plaintiff has demanded a trial by jury. No Defendant has appeared or pleaded, so there are no counterclaims or third-party claims at this time.

c. The major legal and factual issues include whether Defendants reproduced, distributed, or displayed the Photograph without Plaintiff's authorization; whether any such infringement was willful; whether Velasco and Reynolds-Garibay are vicariously or contributorily liable for VRT's conduct; whether Defendants knowingly removed, altered, or omitted Plaintiff's CMI and distributed the Photograph with knowledge that its CMI had been removed; and the nature and amount of any damages, including actual or statutory damages. Although no Defendant has appeared, Plaintiff anticipates that Defendants may assert defenses such as innocent infringement and a lack of knowledge regarding the removal or alteration of Plaintiff's CMI.

d. Plaintiff seeks actual and statutory damages for the copyright infringement, including for willful infringement, under 17 U.S.C. § 504. Pursuant to 17 U.S.C. § 1203(c), Plaintiff also seeks actual and statutory damages for each violation of Section 1202 of the DMCA. Plaintiff also seeks an award of litigation costs and reasonable attorneys' fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5).

**2. Jurisdiction**

a. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

b. Plaintiff's claims arise under the Copyright Act, 17 U.S.C. § 501, and the DMCA, 17 U.S.C. § 1202.

c. Plaintiff asserts no claims based on diversity or supplemental jurisdiction, so the amount in controversy and the parties' citizenship are not at issue for purposes of jurisdiction.

**3. Status of Service**

a. On September 30, 2026, Plaintiff's counsel mailed requests for waiver of service to all three Defendants in accordance with Fed. R. Civ. P. 4(d), addressed to the addresses listed for each of the three Defendants in the records of the Illinois Secretary of State for VRT, including the addresses listed in those records for Velasco and Reynolds-Garibay as managers of VRT.

b. Based on United States Postal Service tracking information, all three Defendants received the mailed requests for waiver of service on October 2, 2026.

c. As of the date of this report, no Defendant has returned a waiver of service. Under Fed. R. Civ. P. 4(d)(1)(F), each Defendant has at least 30 days from the date the request was sent to return the waiver. The Defendants therefore remain within the time to respond.

d. On October 28, 2026, Plaintiff's counsel received email correspondence from a claims adjuster of Allstate North American Insurance Company ("Allstate"), Ms. Maria Morganto. Plaintiff's counsel then proceeded to call Ms. Morganto via telephone. Ms. Morganto advised Plaintiff's counsel that Allstate had received a copy of the summons and Complaint on October 20, 2026, and that Allstate was engaged in conducting a coverage investigation. Allstate has not yet retained defense counsel for any of the Defendants. Ms. Morganto confirmed that she is a claims adjuster, not an attorney.

e. In her initial written contact, Ms. Morganto requested a 30-day extension of Defendants' deadline to answer or otherwise respond, stating that Allstate understood the answer to be due on November 2, 2026, and asking that the deadline be moved to December 2, 2026. Plaintiff's counsel clarified that no Defendant has been served with process. Rather, as set forth above, Plaintiff sent requests for waiver of service on September 30, 2026, under Fed. R. Civ. P. 4(d), which, if executed, would set Defendants' response deadline at November 30, 2026. Plaintiff's counsel agreed to the extension requested by Allstate's representative.

f. Ms. Morganto advised that she did not have the authority to decide at that time whether Defendants would waive service of process while the coverage investigation remains pending, and that Allstate would follow up with Plaintiff's counsel once that investigation is complete. Whether Defendants will waive service therefore remains unresolved.

g. If any Defendant does not return a waiver of service within 30 days of the request, Plaintiff may engage a process server to effect formal service on all three Defendants. If such actions need to be taken, Plaintiff will also ask the Court, under Fed. R. Civ. P. 4(d)(2), to impose on any non-waiving Defendant the expenses later incurred in making service, together with the reasonable expenses, including attorneys' fees, of any motion required to collect those service expenses. Plaintiff prefers for Allstate to complete its coverage investigation prior to engaging a process server in an effort to preserve resources, in case Defendants are ultimately willing to waive service, once counsel for Defendants is engaged.

h. Plaintiff raises these communications so that the Court is apprised of them, and Plaintiff anticipates that the Court may extend the relevant deadlines in light of the status of service and the pending coverage investigation. In any case, Allstate's involvement is unequivocal confirmation that Defendants have received notice of this pending litigation.

**4. Consent to Proceed Before a United States Magistrate:**

a. Plaintiff's counsel is aware that the parties may proceed before a Magistrate Judge if they consent unanimously. Because no Defendant has yet appeared, there is not unanimous consent to proceed before a Magistrate Judge at this time.

**5. Motions:**

a. There are no pending motions.

b. No Defendant has appeared or responded to the Complaint. Because service is not yet complete, Plaintiff cannot state whether any Defendant will respond to the Complaint by filing an answer or by motion.

c. As described in Section 3 above, Defendants' insurer, Allstate, has requested a 30-day extension of Defendants' time to respond, to which Plaintiff has agreed. No motion concerning that extension is pending at this time, and the parties' communications about the response deadline remain subject to the outcome of Allstate's coverage investigation and the status of service.

**6. Case Plan**

a. After Defendants formally appear in this case (and after Defendants file their responsive pleading), Plaintiff anticipates that the parties will jointly file a case plan.

b. Plaintiff has included a jury demand as part of Plaintiff's complaint. Plaintiff anticipates that a trial would take around three days.

**7. Status Settlement Discussions:**

a. The parties have not engaged in settlement discussions. Before filing suit, Plaintiff's counsel sent Defendants several written communications concerning the infringement, but no Defendant responded substantively.

b. No settlement discussions are currently underway, as no Defendant has appeared in this action. Plaintiff's counsel's recent communications with Allstate concerned the extension of Defendants' time to respond and the status of service, not settlement of the merits.

c. Plaintiff does not request a settlement conference at this time. Plaintiff anticipates that the parties may request a settlement conference after counsel for Defendants has appeared.

Dated: October 29, 2026

Respectfully submitted,

DAVID GORDON OPPENHEIMER

By: /s/ *Ilya G. Zlatkin*
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
ilya@zce.law

*Attorney for Plaintiff David Gordon Oppenheimer*